**ELLIOTT et al. v. THOMPSON et al.**

No. 13960.

United States Court of Appeals
Eighth Circuit.

Dec. 13, 1950.

Carl H. McClure, III, New Rochelle, N. Y. (Tralles, Hoffmeister & Gilpin Forest P. Tralles and Carroll C. Gilpin, all of St. Louis, Mo., Oliver & Donnally, Willard P. Scott, Joseph W. Keena, Putney, Twombly, Hall & Skidmore and Edward B. Twombly, all of New York City, and De Lancey C. Smith, San Francisco, Cal., on the brief), for appellants.

Russell L. Dearmont, St. Louis, Mo. (Thos. T. Railey, St. Louis, Mo., on the brief), for appellee Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order filed February 25, 1949, dismissing the petition of the appellants for leave to intervene "In the Matter of Missouri Pacific Railroad Company, Debtor. In Proceedings for the Reorganization of a Railroad." The appellants are bondholders of Missouri Pacific Railroad Company and stockholders of New Orleans, Texas and Mexico Railway Company, one of its subsidiaries and a part of the Missouri Pacific Railroad system. Both companies are involved in the reorganization proceedings under Sec. 77 of the Bankruptcy Act, as amended, Sec. 205, Title 11, U.S.C.A., which were initiated in 1933.

Appellants sought to intervene in December, 1948. Their petition was resisted by the trustee of the debtor companies, who moved that it be dismissed. The District Court, after a hearing, dismissed the petition on the grounds that "To proceed at this time with the hearing on the facts alleged and with respect to the relief prayed would encroach upon the province of the Interstate Commerce Commission in the formulation of the Plan of Reorganization now under consideration by it," and "That it would not be in the best interests of Petitioners nor of the estates of the Debtor Companies to grant Petitioners the relief prayed for." This appeal followed.

We gather from the oral argument that much has occurred since this appeal was taken. The appellants do not now contend that they had any absolute right to intervene, and concede that the order appealed from was discretionary and is not subject to reversal. They have, however, asked this court to declare that they are entitled to be heard in all proceedings relating to the reorganization of the debtor companies. We must respectfully decline to indulge in any unnecessary declarations of law. We may not assume that the District Court will not accord the appellants whatever rights the law gives to them.

The order appealed from is affirmed.